UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynk Media, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Audacy New York, LLC, <br><br> Defendant. | Case No: <br><br> JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff Lynk Media, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Audacy New York, LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Oliya Fedun ("*Fedun*") created a series of videos (hereinafter referred to collectively as the "*Videos*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain www.radio.com ("*Website 1*").

4. Defendant owns and operates a website at domain www.audacy.com ("*Website 2*").

5. Defendant, without permission or authorization from Plaintiff, actively displayed the Videos on the Websites (hereinafter the domains are referred to collectively as the "*Websites*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

6. Lynk Media, LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

7. Upon information and belief, defendant Audacy New York, LLC, is a Delaware

1

limited liability company with a principal place of business at 345 Hudson Street, 11th Floor, New York City in Manhattan, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

11. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

15. On September 23, 2020, Fedun first published a video of a Black Lives Matter protest in New York City ("*Video 1*"). A copy of a screengrab of Video 1 is attached hereto collectively as Exhibit 1.

16. In creating Video 1, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and

made each and every artistic determination necessary for the creation of the work.

17. On February 23, 2021, Video 1 was registered by the USCO under Registration No. PA 2-283-677.

18. On October 27, 2020, Fedun first published a video of protests and arrests in Brooklyn, New York ("*Video 2*"). A copy of a screengrab of Video 2 is attached hereto collectively as Exhibit 1.

19. In creating Video 2, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

20. On December 20, 2020, Video 2 was registered by the USCO under Registration No. PA 2-277-414.

21. On November 1, 2020, Fedun first published a video of protests and arrests in Chelsea, New York ("*Video 3*"). A copy of a screengrab of Video 3 is attached hereto collectively as Exhibit 1.

22. In creating Video 3, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

23. On November 17, 2020, Video 3 was registered by the USCO under Registration No. PA 2-272-049.

24. On December 2, 2020, Fedun first published a video of a bar protest in Staten Island, New York ("*Video 4*"). A copy of a screengrab of Video 4 is attached hereto collectively as Exhibit 1.

25. In creating Video 4, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

26. On December 20, 2020, Video 4 was registered by the USCO under Registration No. PA 2-277-415.

27. On January 21, 2021, Fedun first published a video of a hit-and-run accident ("*Video 5*"). A copy of a screengrab of Video 5 is attached hereto collectively as Exhibit 1.

28. In creating Video 5, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

29. On February 9, 2021, Video 5 was registered by the USCO under Registration No. PA 2-284-555.

30. On February 12, 2021, Fedun first published a video of protests and arrests in Time Square, New York City ("*Video 6*"). A copy of a screengrab of Video 6 is attached hereto collectively as Exhibit 1.

31. In creating Video 6, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

32. On February 23, 2021, Video 6 was registered by the USCO under Registration No. PA 2-283-676.

33. On April 2, 2021, Fedun first published a video of a protestor scaling a New York City bank wall ("*Video 7*"). A copy of a screengrab of Video 7 is attached hereto collectively as Exhibit 1.

34. In creating Video 7, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

35. On April 9, 2021, Video 7 was registered by the USCO under Registration No. PA 2-294-894.

36. On June 8, 2021, Fedun first published a video of trees and wires down following thunderstorms in Queens, New York ("*Video 8*"). A copy of a screengrab of Video 8 is attached hereto collectively as Exhibit 1.

37. In creating Video 8, Fedun personally selected the subject matter, timing, lighting,

angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

38. On July 22, 2021, Video 8 was registered by the USCO under Registration No. PA 2-307-853.

39. On June 11, 2021, Fedun first published a video of a dance party in Washington Square Park in New York City ("*Video 9*"). A copy of a screengrab of Video 9 is attached hereto collectively as Exhibit 1.

40. In creating Video 9, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

41. On July 22, 2021, Video 9 was registered by the USCO under Registration No. PA 2-307-851.

42. On June 26, 2021, Fedun first published a video of protestors at the reopening of Broadway in New York City ("*Video 10*"). A copy of a screengrab of Video 10 is attached hereto collectively as Exhibit 1.

43. In creating Video 10, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

44. On July 22, 2021, Video 10 was registered by the USCO under Registration No. PA 2-307-853.

45. On August 12, 2021, Fedun first published a video of firefighters injured battling fire alarms in Queens, New York ("*Video 11*"). A copy of a screengrab of Video 11 is attached hereto collectively as Exhibit 1.

46. In creating Video 11, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

47. On October 7, 2021, Video 11 was registered by the USCO under Registration No.

PA 2-319-972.

48. On September 13, 2021, Fedun first published a video of protests in Foley Square in New York City ("*Video 12*"). A copy of a screengrab of Video 12 is attached hereto collectively as <u>Exhibit 1</u>.

49. In creating Video 12, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

50. On October 7, 2021, Video 12 was registered by the USCO under Registration No. PA 2-319-877.

51. Fedun created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

52. On June 5, 2023, Plaintiff acquired the rights in and to the Videos from Fedun by way of written assignment.

**B.** <u>**Defendant's Infringing Activity**</u>

53. Defendant is the registered owner of the Websites and is responsible for their content.

54. Defendant is the operator of the Websites and is responsible for their content.

55. The Websites are key components of Defendant's popular and lucrative commercial enterprise.

56. The Websites are monetized in that they contain paid advertisements and, on information and belief, Defendant profits from these activities.

57. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

58. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that video recordings used in their articles have been properly licensed.

59. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

60. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

61. Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

62. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

63. Defendant displayed the Videos on the Websites as part of on-line stories at URLs:

- https://www.radio.com/1010wins/articles/hundreds-across-nyc-protest-decision-in-breonna-taylor-case ("*Infringement 1*") which was first observed by Plaintiff on February 10, 2022

- https://www.radio.com/1010wins/news/local/video-30-arrested-1-officer-hurt-in-brooklyn-protests ("*Infringement 2*") which was first observed by Plaintiff on March 4, 2022

- https://www.radio.com/1010wins/news/local/video-blm-nyc-president-arrested-at-demonstration ("*Infringement 3*") which was first observed by Plaintiff on March 4, 2022

- https://www.radio.com/1010wins/news/local/video-hundreds-protest-at-autonomous-staten-island-bar ("*Infringement 4*") which was first observed by Plaintiff on February 4, 2022

- https://www.radio.com/1010wins/news/local/hit-and-run-driver-sideswipes-nypd-van-traveling-from-dc ("*Infringement 5*") which was first observed by Plaintiff on March 4, 2022

- https://www.radio.com/1010wins/news/local/video-11-arrested-at-protest-near-times-square ("*Infringement 6*") which was first observed by Plaintiff on February

15, 2022

- https://www.audacy.com/1010wins/news/local/video-man-scaling-nyc-bank-loses-grip-falls-to-ground ("*Infringement 7*") which was first observed by Plaintiff on March 4, 2022

- https://www.audacy.com/wcbs880/news/local/severe-thunderstorms-roll-through-tri-state-area ("*Infringement 8*") which was first observed by Plaintiff on February 9, 2022

- https://www.audacy.com/1010wins/news/local/3-assaulted-during-dance-party-at-washington-square-park ("*Infringement 9*") which was first observed by Plaintiff on March 13, 2022

- https://www.audacy.com/music/classic-rock/springsteen-reopens-on-broadway-with-protestors-dui-jokes ("*Infringement 10*") which was first observed by Plaintiff on February 28, 2022

- https://www.audacy.com/wcbs880/news/local/3-firefighters-injured-battling-4-alarm-fire-in-queens ("*Infringement 11*") which was first observed by Plaintiff on February 15, 2022

- https://www.audacy.com/wcbs880/news/local/hundreds-of-city-workers-take-to-foley-sq-to-protest-de-blasios-vaccine-mandate ("*Infringement 12*") which was first observed by Plaintiff on February 17, 2022

64. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Videos on the Websites.

65. Upon information and belief, the Videos were displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

66. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

67. The Infringements are exact copies of Plaintiff's original video recordings that were directly displayed by Defendant on the Websites.

68. Upon information and belief, Defendant takes an active and pervasive role in the

content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos.

69. Upon information and belief, the Videos were willfully and volitionally posted to the Websites by Defendant.

70. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

71. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

72. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Websites.

73. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

74. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

75. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its advertising and/or business revenues.

76. Upon information and belief, a large number of people have viewed the unlawful displays of the Videos on the Websites.

77. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

78. Defendant's use of the Videos harmed the actual market for the Videos.

79. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

80. On each of July 13, 2023 and December 4, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

81. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

82. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

83. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

84. The Videos are original, creative works in which Plaintiff owns valid copyrights.

85. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

86. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

87. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

88. Defendant's display of the Videos constitutes willful copyright infringement.

89. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on the Websites.

90. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

91. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

92. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

93. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant

     pursuant to 17 U.S.C. § 505;

  e.  for pre-judgment interest as permitted by law; and

  f.  for any other relief the Court deems just and proper.

DATED: January 28, 2025

              **SANDERS LAW GROUP**

              By:  */s/ Craig Sanders*
              Craig Sanders, Esq.
              333 Earle Ovington Blvd, Suite 402
              Uniondale, NY 11553
              Tel: (516) 203-7600
              Email: csanders@sanderslaw.group
              File No.: 127538
              *Attorneys for Plaintiff*